UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL MARTINKA,

                              Plaintiff,

                    -v.-

RENTOWNSELL LLC,

                              Defendant.

24 Civ. 5289 (JHR) (HJR)

ORDER ADOPTING AMENDED
REPORT AND
RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Paul Martinka brings this action against Defendant RentOwnSell LLC for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq.* ECF No. 1 (Compl.) at 1. Before the Court is the Amended Report and Recommendation of Magistrate Judge Henry J. Ricardo recommending that the Court grant Plaintiff's motion for a default judgment and award him statutory damages in the amount of $2,250 and attorneys' fees and costs in the amount of $5,995. ECF No. 24 at 1. The Court has examined the Amended Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Amended Report and Recommendation and adopts Judge Ricardo's recommendation in its entirety.

## BACKGROUND[1]

Plaintiff filed this copyright action on July 12, 2025. ECF No. 1. Defendant was served with a copy of the Summons and Complaint on or about July 19, 2024. ECF No. 7. Defendant's answer was therefore due on August 10, 2024. See Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

---

[1] Familiarity with the facts, which are set forth in detail in the Amended Report and Recommendation, is assumed. *See* ECF No. 24.

Defendant has not responded to the Complaint or otherwise appeared. A Clerk's Certificate of Default was entered on September 3, 2024. ECF No. 10.

On December 13, 2024, the Court issued an Order directing Plaintiff to "seek a default judgment against Defendant or show cause why this action should not be dismissed for failure to prosecute." ECF No. 11. Defendant was served with that Order the same day. ECF No. 13. As instructed, Plaintiff moved for a default judgment on December 20, 2024. ECF No. 14. In support of his motion, Plaintiff filed two declarations, a memorandum of law, and a statement of damages. ECF Nos. 15-18. Plaintiff served Defendant with his motion and supporting papers on December 20, 2024. ECF No. 20. On December 23, 2024, Plaintiff filed a proposed default judgment. ECF No. 21. On May 16, 2025, the Court referred Plaintiff's motion to Judge Ricardo. ECF No. 22.

On April 6, 2026, Judge Ricardo issued a 22-page Amended Report and Recommendation recommending that "[Plaintiff] Martinka's motion for default judgment be GRANTED, and that he be awarded statutory damages in the amount of $2,250 for copyright infringement, and attorney's fees and costs in the amount of $5,995."[2] ECF No. 24 at 21. The Amended Report and Recommendation notified the parties that they had "fourteen (14) days (including weekends and holidays) from service of th[e] Report and Recommendation to file any objections." *Id.* at 22. The Amended Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id*. No objections have been filed, nor has any extension of time to file objections been requested.

---

[2] Judge Ricardo's Report and Recommendation was originally issued on July 31, 2025, *see* ECF No. 23, but was re-issued as an Amended Report and Recommendation on April 6, 2026 "to include further warning regarding the failure to object and to direct Plaintiff to serve a copy of th[e] Report and Recommendation on Defendant," ECF No. 24 at 1.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "**RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**," ECF No. 24 at 22, the parties did not file any objections to the Amended Report and Recommendation. Thus, the parties waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Amended Report and

Recommendation and, unguided by objections, finds no clear error.  The Amended Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Amended Report and Recommendation is adopted in its entirety.  The Court hereby enters a default judgment for Plaintiff against Defendant.  Plaintiff is awarded $2,250 in statutory damages, $5,995 in attorneys' fees, and post-judgment interest pursuant to 28 U.S.C. §1961(a).  By **May 14, 2026**, Plaintiff shall serve this Order upon Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated: May 12, 2026
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4